IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| KEVIN RIVERA and <br> DANIELLE DE LEO <br>    *Plaintiffs,* <br> <br> VS. <br> <br> STATE FARM MUTUAL AUTOMOBILE <br> INSURANCE COMPANY <br>    *Defendant* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br> <br> <br> <br> CIVIL ACTION NO. 7:23-cv-377 <br> (JURY DEMANDED) |

### NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), pursuant to 28 U.S.C. § 1446, filing this its Notice of Removal and, for cause, showing as follows:

**I.**

Plaintiffs KEVIN RIVERA and DANIELLE DE LEO instituted this civil action against Defendant State Farm in the 389th District Court of Hidalgo County, Texas, cause number C-4633-22-H. True copies of the process and pleadings from the state court litigation are contemporaneously filed with this Notice of Removal.

**II.**

This action is properly removable under 28 U.S.C. § 1441(a) because the United States District Court has original jurisdiction, pursuant to 28 U.S.C. § 1332(a). This action is timely removable pursuant to 28 U.S.C. § 1446(b)(3).

This action was initially filed in state court on December 2, 2022. Defendant first received notice of this suit when it was served with Citation and Plaintiffs' Second Amended Petition on June 13, 2023. The case was not removable when initially filed because a Texas resident, Karla Rodriguez, was named as a co-defendant. Thus, no diversity of parties existed initially.

After settling its claims with Plaintiffs, the co-defendant was non-suited on September 28, 2023, by Plaintiffs' motion to nonsuit. Ex. 1; Ex. 2 (order granting). While notices of nonsuit are

generally effective when filed, see TEX. R. CIV. P. 162 & 163, the 389th District Court Honorable Judge Letty Lopez granted nonsuit by order on September 29, 2023. The only remaining defendant is State Farm, which is not a Texas resident. Thus, the motion for nonsuit of co-defendant Karla Rodriguez on September 28, 2023, was the first filing from which it was ascertained that the case is one which has become removable. This notice is filed before the 30-day deadline from prescribed by 28 U.S.C., § 1446(b)(3). This notice is also filed before the residual 1-year limitations period on removal of civil actions under 28 U.S.C. § 1446(c)(1), which would run on December 2, 2023.

Therefore, this case became removable on September 28, 2023, and is properly removed.

### III.

Plaintiffs are natural persons and residents of the State of Texas. Defendant State Farm Mutual Automobile Insurance Company is a corporation incorporated in the State of Illinois, with its principal place of business in the State of Illinois.

On its face, Plaintiffs' Second Amended Petition named Karla Rodriguez as a Texas resident co-defendant. As explained in the foregoing, Karla Rodriguez was dismissed via non-suit on September 28, 2023, when Plaintiffs filed their motion for nonsuit and after settling the claims between them. Thus, Karla Rodriguez is no longer a party to this case, and the remaining parties are Plaintiffs, who are Texas residents, and State Farm, who is an Illinois resident.

Therefore, there is diversity of citizenship between the parties.

### IV.

Plaintiffs' Second Amended Petition seeks compensation for injuries, contractual benefits in the form of underinsured motorist coverage, and relief under Chapter 541 of Texas Insurance Code ("TIC") "recognizable by law". See Ex 3. (Plaintiffs' Second Amended Petition at 3, ¶ 16); see also id. at 5 (asking for the court to find, *inter alia,* that: (1) Plaintiffs sustained compensable damages, (2) those damages fall within the terms of coverage under the policy). Compensable damages within the terms of the policy include bodily injury. Compare id. with Ex. 4. Damages recognizable by law for Chapter 541 TIC violations include treble damages and attorney's fees. See TEX. INS. CODE § 541.152. The aggregate uninsured/underinsured bodily injury policy limit is $60,000. Ex. 4 (declarations page). On July 10, 2023, Plaintiffs demanded "policy limits." Ex. 5, Ex. 6 (UIM demand letters from Plaintiffs).

In an action for declaratory judgment concerning an insurance policy, the amount in controversy may be measured by the value of the policy. Payne v. State Farm Mut. Auto. Ins. Co.,

266 F.2d. 63, 65 (5th Cir. 1959); citing Carnes & Co. v. Employers' Liability Assurance Corp., 101 F.2d. 739 (1939). Attorney fees are also considered in determining the amount in controversy. Benitez v. Liberty Mut. Fire Ins. Co., No. H-12-2989, 2012 U.S. Dist. LEXIS 175132, at *9 (S.D. Tex. 2012); citing St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).

The amount in controversy satisfies the threshold requirements of 28 U.S.C., §1332(a), because the policy limits alone are $60,000, and damages "recognizable by law" under the extra-contractual violations exceed $75,000 (trebling $60,000 would be $180,000, without attorney's fees). Thus, the damages exceed the jurisdictional threshold. Therefore, State Farm exercises timely removal jurisdiction.

Plaintiff has attempted to qualify its pleadings by stating the "amount in controversy does not exceed $75,000." See Ex. 3 at 1. The lowest range of damages that may be pleaded under Texas Rule of Civil Procedure 47(c) is "$250,000 or less," and courts have held that attempts to plead an amount below $75,000 are done in bad faith and should be disregarded. Randle v. Pilot Travel Ctrs. LLC, No. 4:20-cv-00714, 2020 U.S. Dist. LEXIS 93385, at *4 (S.D. Tex. 2020); Chavez v State Farm Lloyds, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, at *5-6 (S.D. Tex. 2016); see, e.g., Dyer v. Capital One Nat'l Ass'n, No. 4:20-CV-4230, 2021 U.S. Dist. LEXIS 161886, at *9-11 (S.D. Tex. 2021) (disapproving of changes to pleadings concerning amount sought in a way that seeks to avoids federal jurisdiction but also permit recovery exceeding $75,000 in state court).

## V.

A joint motion for separate trials and abatement of Plaintiffs' extra-contractual claims was granted on September 25, 2023. The joint motion and order granting are being filed with this notice. Ex. 7 (motion); Ex. 8 (order granting).

## VI.

**WHEREFORE, PREMISES CONSIDERED**, defendant State Farm Mutual Automobile Insurance Company prays that this action be removed to the United States District Court for the Southern District of Texas, McAllen Division; that defendant be afforded judgment that plaintiffs take nothing on all claims as to this defendant; and, for such other and further relief that it may be entitled to.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
134 E. Van Buren Ave., Suite 301
Harlingen, Texas 78550

Tel: 956/428-7495 x131
Fax: 956/428-2954

By: _____
**BENJAMIN ADAM NEECE**
State Bar No. 24108504
Federal I.D. No. 3589772
Email: aneece@adamsgraham.com

*Attorney for Defendant, State Farm Mutual Automobile Insurance Company*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument was forwarded to all counsel on this the 27th day of October 2023, of record as follows:

Cesar E. Amador
**AMADOR LAW FIRM**
2406 Thor's Hammer Blvd
Brownsville, Texas 78521
Tel: (832) 757-1210
*Counsel for Plaintiffs*

_____
**BENJAMIN ADAM NEECE**