United States District Court
Southern District of Texas
**ENTERED**
January 05, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| Kevin Rivera and Danielle De Leo, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action M-23-377 |
| | § | |
| State Farm Mutual Automobile | § | |
| Insurance Company | § | |
| *Defendant.* | § | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 2. Pending before the court is Plaintiff's Motion to Remand, ECF No. 4. The court recommends that the motion be **DENIED**.

### 1. Background

According to the Second Amended Petition, which was the live pleading at the time of removal, Kevin Rivera and Danielle De Leo were injured in an automobile accident caused by Karla Rodriguez. ECF No. 1-2 at 9. Because Rodriguez was an underinsured motorist, Plaintiffs filed a claim with Defendant State Farm Mutual Automobile Insurance Company seeking coverage under their uninsured/underinsured motorist (UM/UIM) policy. *Id.* at 10. State Farm refused to accept or reject Plaintiffs' claim, so Plaintiffs sued State Farm in state court seeking a declaratory judgment that they are owed benefits under the insurance policy, as well as other damages for violations of Chapter 541 of the Texas Insurance Code. *Id.* at 10–12.

Plaintiffs seek recovery for, among other things: (1) attorney's fees, (2) costs, (3) past and future medical expenses, (4) past and future pain and suffering and mental anguish, (5) past

and future physical impairment, (6) past and future physical disfigurement, and (7) past lost wages and future loss of earning capacity. ECF No. 1-2 at 10, 12. Under the heading "Statement Regarding Monetary Relief Sought," the Second Amended Petition states that "Plaintiff pleads the amount in controversy does not exceed $75,000.00." *Id.* at 8.

State Farm removed the case based on diversity jurisdiction. ECF No. 1. State Farm argues that the amount in controversy exceeds $75,000. As evidence, State Farm attached to the Notice of Removal both Plaintiffs' demand letters, ECF No. 1-2 at 39–42, which seek the $30,000 policy limit for each Plaintiff. State Farm also points out that Plaintiffs seek relief under Chapter 541 of the Texas Insurance Code, which permits recovery of treble damages and attorney's fees. ECF No. 1 at 2.

Plaintiffs argue that the amount in controversy does not exceed $75,000 because that is what they alleged in their pleading. ECF No. 4 at 5–7; ECF No. 1-2 at 8. They also filed a post-removal stipulation that their damages do not exceed $75,000. ECF No. 3.

## 2. *Legal Standards*

A defendant may remove a civil action from state court if the federal courts would have had original jurisdiction had the action been filed in federal court. 28 U.S.C. § 1441(a); *In re Deepwater Horizon*, 745 F.3d 157, 162 (5th Cir. 2014). The defendant "has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). "[O]perative facts and pleadings are evaluated at the time of removal." *In re Deepwater Horizon*, 745 F.3d at 163.

Federal district courts have original jurisdiction over civil actions between citizens of different States, in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The amount in controversy is ordinarily

determined based on "the sum demanded in good faith in the initial pleading." 28 U.S.C. § 1446(c)(2). There are two exceptions, however. The notice of removal may assert the amount in controversy if the initial pleading seeks: (1) nonmonetary relief, or (2) a money judgment, but state law does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded. 28 U.S.C. § 1446(c)(2)(A)(i)–(ii). If an exception applies, removal is proper if the district court "finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000.]" *Id.* § 1446(c)(2)(B).

### 3. *Analysis*

The only disputed issue is whether the amount in controversy exceeds $75,000. The court is satisfied that the current parties to the lawsuit are of diverse citizenship. *See* ECF No. 1-2 at 27 (state court's order granting non-suit of non-diverse defendant Karla Rodriguez); ECF No. 1 at 2 (notice of removal stating Plaintiffs are citizens of Texas and State Farm is a citizen of Illinois).

The "general rule [is] that 'the sum demanded in good faith in the initial pleading' is 'the amount in controversy.'" *Durbois v. Deutsche Bank Nat'l Tr. Co.*, 37 F.4th 1053, 1056 (quoting 28 U.S.C. § 1446(c)(2)); *see also Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022). The Fifth Circuit has held that pleading an amount in controversy below the federal jurisdictional threshold in Texas state court should not be considered a bad faith attempt to avoid federal jurisdiction. *Durbois,* 37 F.4th at 1060 (explaining that the 2013 amendments to Texas Rule of Civil Procedure 47 allow plaintiffs to specify a specific sum and that doing so is not in bad faith). Because Plaintiffs pleaded the amount in controversy to be no more than $75,000, that amount controls unless one of the exceptions applies, in which case Defendant bears

the burden of proving that the amount in controversy is greater than $75,000. 28 U.S.C. § 1446(c)(2)(B).

Plaintiffs' statement that "the amount in controversy does not exceed $75,000," ECF No. 1-2 at 8, does not prevent them from obtaining more than that amount as damages. It is not a stipulation that Plaintiffs will never amend their complaint or otherwise accept an amount of damages greater than $75,000. *Cf. Durbois*, 47 F.4th at 1061 (explaining that a plaintiff may establish an amount in controversy less than the jurisdictional threshold by stipulating that it seeks and will not accept more than the amount pleaded). Accordingly, the court concludes that Plaintiffs could recover an amount in excess of the federal jurisdictional limit.[1]

The burden thus shifts to State Farm to prove by a preponderance of the evidence that the amount in controversy is greater than $75,000. Courts may consider pre-suit demand letters as evidence of the amount in controversy. *See Friedrichs v. Geovera Specialty Ins.*, Civil Action No. 7:12-CV-392, 2013 WL 674021, at *3, (S.D. Tex. Feb. 22, 2013) (citations omitted). Rivera and De Leo each submitted separate pre-suit demands to State Farm seeking "policy limits[.]" ECF No. 1-2 at 39, 41. Rivera and De Leo alleged past medical expenses of $42,575 and $53,955 respectively. *Id.* at 39–40, 41–42. Here, the policy limit for bodily injury is $60,000 per occurrence and $30,000 per person. ECF No. 1-2 at 38. Accordingly, each Plaintiffs' demand for "policy limits" equates to a $30,000 demand, which the court includes in the amount in controversy.[2]

---

[1] Because a post-removal stipulation is ineffective to establish the amount in controversy, *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000), the court disregards Plaintiffs' post-removal stipulation, ECF No. 3.

[2] Contrary to State Farm's assertions, the Plaintiffs' claims may not be aggregated for purposes of meeting the amount in controversy. *See De La Cerda v. Allstate Indem.*, Civil Action No. DR-07-CV-0076-AML/DGG, 2008

2e1fd72c14b306bc

In determining the amount in controversy, courts should consider not only the plaintiff's economic damages, but also attorney's fees, statutory penalties, statutory damages, and punitive damages. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). State Farm points out in its Notice of Removal, ECF No. 1 at 2, that Plaintiffs' Second Amended Petition pleads various causes of action under the Texas Insurance Code, including unfair settlement practices, failure to adopt reasonable standards for prompt settlement of claims, and refusal to pay Plaintiffs' claims without conducting a reasonable investigation, ECF No. 1-2 at 11. Plaintiffs pleaded that "Defendant State Farm knowingly and intentionally committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices." Under Texas Insurance Code § 541.152(b), actual damages may be trebled for violations of the Texas Insurance Code that are committed knowingly. The court concludes that the Second Amended Petition seeks not only policy limits, but also treble the $30,000 policy limit, which could equal $90,000 for each Plaintiff.

Plaintiffs also seek attorney's fees, which are available under Texas Insurance Code § 541.152(a)(1). Plaintiffs concede that their attorney's fees will be approximately $13,500. ECF No. 8 at 2. Taken together, the $30,000 policy limit with treble damages and attorney's fees exceeds the federal jurisdictional floor.

Plaintiffs argue that, because the state trial court abated and severed their non-contractual claims for a separate trial, ECF

---

WL 11416946, at *3, (W.D. Tex. Sept. 30, 2008) (quoting *Eagle Star Ins. v. Maltes*, 313 F.2d 778, 782, n.3 (5th Cir. 1963)) ("Two or more plaintiffs injured in the same automobile accident have separate and distinct causes of action; even though they join their causes of action in a single unit, they cannot aggregate their claims to achieve the requisite jurisdictional amount.").

No. 1-2 at 49, the court should not consider treble damages in determining the amount in controversy. The court disagrees. The state court properly abated and severed the non-contractual claims because "[A] plaintiff seeking recovery of benefits owed under an insurance policy must first establish his entitlement to policy benefits as a contractual matter before he can recover them as damages for an Insurance Code claim." *In re State Farm Mut. Auto. Ins.*, 629 S.W.3d 866, 870 (Tex. 2021). That does not mean that the extra-contractual claims are not part of the case. Plaintiffs continue to seek damages under the Texas Insurance Code. In fact, the state trial judge explained that the severed claims "remain in the above-referenced cause number." ECF No. 1-2 at 49.

The amount in controversy for each Plaintiff is greater than $75,000.

### 4. Conclusion

For the foregoing reasons, the court recommends that Plaintiff's Motion to Remand, ECF No. 4, be **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on January 5, 2024.

Peter Bray
United States Magistrate Judge